# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0298V
Filed: September 19, 2018
UNPUBLISHED

| | |
|---|---|
| ROBERT W. MONTAGUE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Danielle Strait*, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.
*Ann Donohue Martin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 7, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered injuries, including brachial plexus neuritis, caused in fact by the tetanus diphtheria ("Td") vaccine he received on August 21, 2015. Petition at 1, ¶¶ 2, 6. On November 20, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 44).

On June 1, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 49). Petitioner requests attorneys' fees in the amount of $17,728.20 and attorneys' costs in the amount of $4,594.07. *Id.* at 1-2. Former counsel, attorney Jeffrey D. Boehm, incurred fees and costs in a total amount of $5,470.00. *Id.* at 2. Additionally, in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $406.45 in out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $28,198.72.

On June 14, 2018, respondent filed a response to petitioner's motion.  (ECF No. 50).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On June 20, 2018, petitioner filed a reply.  (ECF No. 51.)   Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds it necessary to reduce the following attorney rates and hours billed.

## I.     Hourly Rates

The undersigned finds it necessary to reduce the hourly rate of Petitioner's counsel Ms. Strait. Petitioner's counsel billed at a rate of $300.00 for 2016, $320.00 for 2017, and $322.00 for 2018. The rate of $300 per hour for work performed in 2016 has previously been awarded. The undersigned finds the rate of $322.00 for work performed in 2018 reasonable. However, as is consistent with other cases in this program, Ms. Strait's rate is reduced to $307.00 per hour for work performed in 2017.[3] This results in a **reduction of $283.40**.[4]

## II.    Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr.

---

[3] The undersigned addressed Ms. Strait's rate for work performed in 2017 and found $307 was an appropriate hourly rate. *Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V at 8 (Fed. Cl. Spec. Mstr. July 17, 2018).

[4] This amount consist of $320 - $307 x 21.8 = $283.40.

Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.,* 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.20 hours[5] was billed by paralegals on tasks considered administrative including, opening files, organizing documents, and sending correspondence. For these reasons the attorney's fees request is **reduced in the amount of $174.00**.[6]

### III.   Jeffrey D. Boehm

Petitioner's prior counsel, Jeffrey D. Boehm, billed a total of 3.9 hours on tasks related to his admission to the Court of Federal Claims and establishing a CM/ECF electronic account. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Examples of these charges include the following:

- December 16, 2015 (0.20 hrs) "Letter to National Vaccine Program seeking model complaint."
- February 3, 2016 (0.70 hrs) "Letter to Attorney Bobby Lee Cook & Jerry Summers re: good character letter to accompany Petition to Board of Federal Claims; discussion w/Thomas O'Neal re: same"
- March 16, 2016 (1.10 hrs) "Test taken & got good score; I will receive passwords enabling Me to "open" case file & review documents."
- March 28, 2016 (0.20 hrs) "Letter to Intake Coordinator, US Court of Federal Claims."

(ECF No. 49-3 at 3-5).

Mr. Boehm's billing entries also reflect an attorney costs charge in the amount of $25.00 for his letter of to the "Board of Professional Responsibility".  As these entries and costs are considered non-compensable and billed by attorney Jeffrey D. Boehm,

---

[5] Examples of these entries include: April 21, 2016 (0.10 hrs) "Establish new client file, organize and prepare documents for attorney review and some for filing, update notes."; January 19, 2017 (0.20 hrs) "Review USPS tracking re: Mr. Ibach and Dr. Hoffmann's affidavits. Email attorney re: same." and December 29, 2016 (0.10 hrs) "Compile package and mail damages packet, authorization, affidavit and petition to client." These entries are merely examples and are not exhaustive.

[6] This amount consists of 1.2 hours at $145 per hour.

his request for attorney's fees shall be reduced in the amount of $1,170.00 and request for costs reduced by $25.00. This results in a total **reduction of $1,195.00**.

### IV.     Attorney Costs

Petitioner is requesting attorney costs for expert Dr. Thomas Wright to review medical records. Dr. Wright's charges a rate of $600 per hour and required a $2,400 non-refundable "pre-payment."  (ECF No. 54-2 at 2).  Therefore the pre-payment of $2,400 is compensable for 4 hours of Dr. Wright's expert time. The undersigned finds the overall costs for Dr. Wright reasonable and awards them in full.[7]

A second expert, Dr. D.R. Ayyar, was also utilized in this case. Dr. Ayyar's invoice is for a total of $1800.  (ECF No. 49-2 at 26). The undersigned finds the overall costs for Dr. Ayyar reasonable and awards them in full.[8]

### V.     Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,546.32[9] as follows:**

- **A lump sum of $21,864.87, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Danielle Strait; and**

- **A lump sum of $4,275.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's former counsel, Jeffrey D. Boehm; and**

- **A lump sum of $406.45, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[7] The overall amount is reasonable and the undersigned makes no findings as to hourly rates in regards to Dr. Thomas Wright.

[8] The overall amount is reasonable and the undersigned makes no findings as to hourly rates in regards to Dr. D.R. Ayyar.

[9] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **Petitioner requests all checks be forwarded to Maglio Christopher & Toale, PA 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

The clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.